[Civ. No. 5872. First Appellate District, Division Two.—December 17, 1928.]

B. A. BOUCHER, Appellant v. W. S. PEASLEY, Respondent.

W. S. PEASLEY, Respondent, v. CONSOLIDATED IN-VESTMENT CORPORATION (a Corporation) et al., Appellants.

Carl E. Lindsay and Lindsay & Gearhart for Appellants.

William A. White and Gallaher & Jertberg for Respondent.

NOURSE, J.—Plaintiff Boucher sued the defendant Peasley on an assigned claim for $1,562, alleged to have been paid Peasley by the Consolidated Investment Corporation in excess of money due him. Peasley filed a cross-complaint bringing in the Consolidated Investment Corporation as a defendant on a claim for $396 alleged to be due for services rendered the corporation. The cause was tried before a

jury and resulted in a verdict for Peasley on the original complaint and in a verdict for him against the corporation on his cross-complaint in the sum of $396. The original plaintiff and the corporation both appeal from the judgment on the same record.

Two points are raised—that the evidence does not support the verdict on the cross-complaint, and that it does not support the verdict on the main issue. For the purpose of clarity, we will reverse the order of the points raised.

On the main issue the evidence is that Peasley was employed by the corporation as a listing and real estate salesman; that his contract called for payments to him as commissions upon sales, and that in addition to this arrangement he was paid $82.50 semi-monthly which he claimed to be an agreed salary over his commissions, and which the appellants claimed was merely a drawing account, subject to adjustment according to the amount of commission earned. He commenced work for the company on June 17, 1924, and continued until September, 15, 1925, when, by mutual consent, the semi-monthly payments ceased, but he continued in the employ of the company on the commission basis until November 30, 1925. The original complaint alleged that the company advanced him during this period the sum of $2,586.40, that the total amount of commissions earned was $1,024.32, and that there was due the company the excess of these advances amounting to $1,562.02. Peasley, however, contended that these payments were by way of salary as the result of an express contract and that they should have continued until November 30, 1925, when he left the employ of the company. This latter claim is the basis for his cross-complaint in the sum of $396.

The evidence on the main issue is sharply conflicting, Peasley testifying that an express contract was made on June 1, 1924, calling for a fixed salary over commissions earned payable semi-monthly. Witnesses on behalf of the company were just as positive that the agreement was that Peasley should be permitted to draw $82.50 semi-monthly subject to a periodical adjustment of his account according to the commissions earned by him. The books of the company received in evidence supported the testimony of its witnesses. Many of the checks received by Peasley specifying that they were for advancements also tended to support this testimony, though it was shown that some three or four

of these checks were drawn on account of salary. The jury believed the evidence offered in support of Peasley and this evidence is sufficient to support the verdict. Such being the case, the verdict cannot be disturbed on that issue.

■ The second point presents a different situation. Peasley alleged in his cross-complaint that the semi-monthly payments were not made after October 1, 1925, and that the amount claimed to be due was for unpaid salary until he left the employ of the company. The jury gave its verdict for the full sum claimed, but the evidence wholly fails to sustain this part of the verdict. This evidence is that, some time in the month of September, 1925, a representative of the company informed Peasley that the business of the company would not warrant his further employment, but that he might remain with the company on a commission basis only if he so desired. Peasley agreed to this arrangement and testified that he continued with the company merely in a sense of loyalty, without expectation of compensation, that whatever service he gave at that time was "gratis." There is no basis for a claim for compensation either upon an express contract or by way of *quantum meruit.* The theory of a cause of action for compensation for services rendered rests on a contract, express or implied, to pay for the services. But when the services have been voluntary, with the understanding between the employer and the employee that they shall be without compensation, there is no basis for an action for compensation either upon an express contract or in *quantum meruit.* We have not overlooked the rule that where an employment under an express contract has continued over the term by mutual consent it will be presumed to have been under the same conditions as the express contract for the term. But such is not the case here.

The judgment is modified by striking therefrom the item of $396, and as so modified it is affirmed, appellants to recover their costs on this appeal.

Koford, P. J., and Sturtevant, J., concurred.